### Gustafson v. Gustafson et al.

*Equity—Maintenance of wife—Personal and real property—Whereabouts of husband unknown—Act of July 21, 1913.*

1. Under the Act of July 21, 1913, P. L. 867, a bill in equity will lie by a wife to have the property of her husband seized for the maintenance of herself and children, where it appears that the husband has separated himself from his wife without reasonable cause and has failed to provide a suitable support.

2. A receiver will be appointed to receive moneys and pay the same for the maintenance of a wife, subject to the order of the court, in case the whereabouts of the husband is unknown.

Bill by deserted wife against husband for maintenance of herself and children out of his property. C. P. Allegheny Co., July T., 1924, No. 2224, in Equity.

*John D. Meyer,* for plaintiff; *Douglass, Fife & Young,* for defendants.

Ford, J. — This bill is by a wife against her husband under the Act of July 21, 1913, P. L. 867. The bill alleges that the husband, without any reason or cause therefor, wilfully and maliciously deserted and abandoned the plaintiff, his wife, together with three minor children, and prays that a purchase-money mortgage given by defendants, William Fowler and Mary Ellen, his wife, to plaintiff and her husband be seized and the moneys secured thereby be applied to the suitable maintenance of plaintiff.

Section 2 of the Act of 1913 provides that services upon the defendant shall be in the manner provided by the Act of April 6, 1859, P. L. 387. Pursuant to an order of court and in compliance with the provisions of the Act of 1859, it appearing that the defendant husband was not a resident in the jurisdiction of the court or to be found therein, service of notice of the filing of the bill was made in the Pittsburgh Legal Journal and in the Beaver Falls Tribune, a newspaper of general circulation published in Beaver Falls, in the County of Beaver, Pennsylvania. G. H. Gustafson, husband of the complainant, did not appear or file an answer. William Fowler and Mary Ellen, his wife, appeared and filed an answer.

From the pleadings and the evidence we find the following

*Facts.*

1. The plaintiff, Pearl I. Gustafson, and defendant, G. H. Gustafson, were married in McKeesport, Allegheny County, on April 29, 1912.

2. Immediately following the marriage the parties resided and lived together as husband and wife in the City of Cincinnati, Ohio; thence they removed to and resided thereafter at certain other places, including McKeesport, Allegheny County, Pennsylvania. In the latter part of October, 1920, they removed to Beaver Falls, Beaver County, Pennsylvania, where they resided until the separation. During this period he was engaged in electrical work. Since September, 1923, plaintiff and her children have resided in Beaver Falls.

3. Three children, aged respectively nine, ten and eleven years, were born to the parties. The children are, and have been, in the custody of plaintiff.

4. On May 26, 1923, G. H. Gustafson separated himself from his wife and family without reasonable cause. From that date he resided in Beaver Falls, within a short distance of the dwelling occupied by plaintiff and their children. Until about Sept. 15, 1923, he gave his wife $25 a week for her support and the maintenance of the children.

5. On Sept. 15, 1923, defendant G. H. Gustafson left Beaver Falls. Since that date he has not communicated with his wife and his whereabouts is unknown. At or about the time he removed from Beaver Falls he mailed a letter, received by his wife, which reads:

"VALLEY ELECTRIC REPAIR COMPANY,
"710 Seventh Street.

"Pearl I. Gustafson,                                    "Beaver Falls, Pa., Sept. 17, 1923.
    "1122 4th Ave.,
        "Beaver Falls, Pa.

"Pearl this is to let you know that I have gone not to be seen any more I have made out bill for one thousand eight dollars for you to collect and Cliff will take the shop for what I owe him you are getting along so good without me you can continue to do the same.

"You can show this to Mr. Bert at the bank so that you can collect my checks.

"Trying to forget you.                                    "G. H. GUSTAFSON.

"P. S.—You will find the bill on my desk and the papers for the house in the dresser drawers."

6. The defendant, G. H. Gustafson, was industrious, and prior to his leaving Beaver Falls he conducted a small business in electrical work. He is of sufficient ability to support his wife and family, but since his departure from Beaver Falls in September, 1923, has neglected to provide a suitable maintenance for her.

7. Plaintiff does not appear to have any property, except the accounts or bills receivable mentioned in the letter she received from her husband. There has been collected and paid her about $300 or $400 from the accounts owing to her husband; the value of the unpaid bills is not shown.

8. By deed dated May 2, 1916, recorded in Deed Book Vol. 1865, page 85, Peter Kenney and Bridget Kenney, his wife, granted and conveyed to G. H. Gustafson and Pearl Irene Gustafson, his wife, a certain lot or piece of ground, situate on Collins Avenue, in the City of McKeesport.

9. By deed dated Oct. 4, 1920, recorded in Deed Book Vol. 2106, page 89, G. H. Gustafson and Pearl Irene, his wife, granted and conveyed the said lot or piece of ground on Collins Avenue to William Fowler and Mary Ellen Fowler, his wife, for the sum of $4500.

10. On the same day the purchasers, William Fowler and Mary Ellen, his wife, executed and delivered to the grantors, G. H. Gustafson and Pearl Irene Gustafson, a mortgage to secure the unpaid purchase money. The purchase-money mortgage is dated Oct. 4, 1920, recorded in Mortgage Book Vol. 1802, page 462, and is for the sum of $2000, payable in monthly instalments of at least $40 each, with legal interest on the principal debt payable semi-annually.

11. Thereafter the mortgagees made payments on account of the principal debt and paid the interest. On Nov. 17, 1923, there was due and owing on account of the mortgage the sum of $819.90. Thereafter to, and inclusive of, July 12, 1924, the mortgagors tendered the monthly payment to plaintiff's accredited agent but was unable to obtain receipts therefor, for the reason

Gustafson v. Gustafson et al.

that the whereabouts of G. H. Gustafson was unknown and his receipt could not be obtained.

12. The only property shown to be owned by defendant G. H. Gustafson is the accounts and bills receivable arising out of the business he conducted and the moneys unpaid on the purchase-money mortgage given by William Fowler and wife.

13. The debts or accounts owing the husband which he by his letter directed her to collect are of little value; collections are slow and are not sufficient for the support of plaintiff and her children. Plaintiff is without other means and has no income for the support of herself and children. The property and moneys owed by William Fowler and Mary Ellen Fowler, his wife, to G. H. Gustafson, defendant, and Pearl Irene Gustafson, his wife, the plaintiff, and secured by the purchase-money mortgage are necessary for the suitable maintenance and support of the plaintiff, wife of G. H. Gustafson.

## Conclusions.

1. It having been found that the defendant husband separated himself from his wife without reasonable cause and he is of sufficient ability, but has neglected to provide suitable maintenance for his wife, equity has jurisdiction in this proceeding.

2. The plaintiff is entitled to a suitable maintenance out of the property, real and personal, of her husband.

3. The balance unpaid on the purchase-money mortgage dated Oct. 4, 1920, and recorded in Mortgage Book Vol. 1802, page 462, given by William Fowler and Mary Ellen, his wife, to G. H. Gustafson and Pearl I. Gustafson is necessary for the maintenance of plaintiff and should be seized. So much of the moneys secured thereby as is reasonably necessary should be applied to the maintenance of plaintiff.

4. A receiver should be appointed to receive moneys now due and payable and the monthly payments as they fall due under the terms of said mortgage, and to pay the same, subject to the order of court, to plaintiff for her maintenance.

5. Out of the moneys paid the receiver on account of the said mortgage, the receiver should pay plaintiff for her maintenance and the support of the children the sum of $150 on receipt of that amount from the mortgagees, and pay her the sum of $40 per month thereafter until the principal debt and interest secured by the mortgagees has been paid and satisfied in full.

6. As the mortgagees, William Fowler and wife, tendered the monthly payments falling due under the terms of the mortgage after Nov. 13, 1923, computation of interest should be made as if the moneys tendered had been accepted by the mortgagees and the payments made.

7. The costs should be paid by G. H. Gustafson, the defendant. The receiver to carry the costs as a charge against the defendant and pay the same from the moneys received by him from the mortgagees.

Let a decree be drawn in accordance with this opinion.

## Discussion.

The Act of July 21, 1913, P. L. 867, amends the Act of May 23, 1907, P. L. 227, which was amended by the Act of April 27, 1909, P. L. 182. The Act of 1913 provides that, whenever any man shall separate himself from his wife without reasonable cause or whose whereabouts are unknown and, being of sufficient ability, has refused to provide suitable maintenance for his wife, proceedings may be had against any property, real or personal, of the husband reasonably necessary for the suitable maintenance of the said wife, and

the court may direct a seizure, sale or mortgage of sufficient estate as shall provide the necessary funds for such maintenance.

The facts present a clear case of a husband, without reasonable cause, separating himself from his wife and family. Prior to May, 1923, the husband and wife had lived together. He was industrious, engaged in a small business, and his wife had acquired a small property. The relations between the parties were pleasant and he provided for his wife and family. On May 26, 1923, he left his home, and though he resided a short distance from his wife, he visited her only to pay her a certain sum for her support. About Sept. 17, 1923, he left Beaver Falls, and by letter advised his wife that he had "gone not to be seen any more." Since that date he has not communicated with his wife and his whereabouts is unknown. There can be but one conclusion, the husband is guilty of wilful and malicious desertion continued to the present time and has sufficient ability to properly support his wife. The plaintiff is entitled to a reasonable sum for her maintenance to be paid her by her husband, and we are of opinion that the purchase-money mortgage and moneys secured. thereby should be seized and held subject to the payment of such amounts as the court may deem necessary for the suitable maintenance of plaintiff. From William J. Aiken, Pittsburgh, Pa.